BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:

CATERPILLAR, INC. C13 AND C15 ENGINE LITIGATION

MDL DOCKET NO._____

### CATERPILLAR, INC.'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS

Pursuant to 28 U.S.C. § 1407, Caterpillar, Inc. respectfully moves the Judicial Panel on Multidistrict Litigation to (1) transfer five putative class actions, currently pending before five different federal district courts, which share common factual allegations, and (2) consolidate those actions in the Southern District of Florida pretrial proceedings. In support of its motion, Caterpillar states as follows:

1. Five separate putative class actions against Caterpillar are pending in United States District Courts located in Florida, New Jersey, California, Louisiana, and Pennsylvania. A list of all pending related actions ("Schedule of Actions") is attached as **Exhibit A.**

1.  The actions for which transfer and consolidation are proposed allege that C13 and C15 truck and bus engines contain defects. Each of the actions allege that Caterpillar breached express and implied warranties.

2.  The Florida action proposes a nationwide class for all former and current owners of buses containing the C13 engine in question. In the alternative, it proposes statewide classes in Florida, Illinois, Indiana, and Texas. Plaintiffs in that action have moved the court for leave to amend their complaint to seek certification of a nationwide class of owners and lessees of vehicles containing the C13 or C15 engines. The New Jersey action proposes statewide classes in New Jersey, Illinois and Ohio of owners or lessees of vehicles containing the C13 or C15 engines. The California, Louisiana, and Pennsylvania actions propose statewide classes of owners and lessees of vehicles containing the C13 or C15 engines in each respective state.

3.  The actions, listed in **Exhibit A,** involve "one or more common questions of fact" within the meaning of Section 1407, inasmuch as they make common factual allegations, including:

    a.  Whether Caterpillar engines have one or more defects associated with their emissions systems resulting in frequent failures and repairs;

    b.  Whether Caterpillar failed to comply with the emissions system warranty accompanying the engines;

    c.  Whether the engines do not comply with the implied warranty of merchantability

    d.  Whether Caterpillar failed to comply with the warranty of fitness for a particular purpose with respect to its sales of the engines

4. Caterpillar disputes and denies each of the above allegations and anticipates discovery on each of them.

5. The Louisiana, Pennsylvania, and California actions are in the very early stages of litigation. Caterpillar has not filed an answer and no disclosures have been made pursuant to Rule 26(a). No merits or certification discovery has been conducted in these actions. The *Salud Services* action in Florida is far more advanced. Considerable discovery and motion practice have occurred in that action. The *BK Trucking* action in New Jersey is more advanced than the Louisiana, Pennsylvania, and California actions, but not as advanced as the *Salud Services* action in Florida.

6. Consolidation of the actions before a single court will conserve judicial resources, reduce the costs of litigation, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery, and permit the cases to proceed to trial more efficiently.

7. Caterpillar's headquarters and principal place of business is located in Peoria, Illinois.

8. Caterpillar distributes engines which are used in buses and trucks throughout the United States.

9. The Southern District of Florida, where the *Salud* matter is currently pending, is a favorable forum for consolidation because the first action was filed there, significant discovery and motion practice have occurred there, and the court is familiar with the issues.

10. The proposed transfer and consolidation into the Southern District of Florida will serve "the convenience of parties and witnesses and will promote the just and efficient conduct" of these actions.

ACCORDINGLY, these proceedings should be coordinated and transferred to the Southern District of Florida.

Dated: March 18, 2014.

        Respectfully submitted,

        **SEDGWICK LLP**

        By: */s/ S. Vance Wittie*
        S. VANCE WITTIE
        Texas Bar No. 21832980
        vance.wittie@sedgwicklaw.com
        1717 Main Street, Suite 5400
        Dallas, TX 75201-7367
        Ph-469/227-8200; fx-469/227-8004
        and
        KIMBERLY COOK
        Florida Bar No. 0714320
        kimberly.cook@sedgwicklaw.com
        9155 S. Dadeland Blvd., Ste 1208
        Miami, FL 33156-2737
        Ph-305/436-3682; fx-305/671-215
        and
        JAMES H. KEALE
        New Jersey Bar No. 23771983
        james.keale@sedgwicklaw.com
        Three Gateway Center, 12th Fl.
        Newark, NJ 07102
        Ph-973/242-0002; fx-973/242-8099
        and
        DAVID J. DEPIANO
        Florida Bar No. 0055699
        david.depiano@sedgwicklaw.com
        2400 E. Commercial Blvd., Ste. 1100
        Ft. Lauderdale, FL 33308
        Ph-954/958-2500; fx-954/958-2513

        ***Counsel for Defendant Caterpillar, Inc.***